**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| JAMES KEELING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-CV-179-SNLJ |
| | ) | |
| BOB HOLDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the filing of the amended complaint by self-represented plaintiff James Keeling (registration no. 1136408), an inmate at the Eastern Reception Diagnostic and Correctional Center.  The Court previously granted plaintiff *in forma pauperis* status and reviewed his original complaint under 28 U.S.C. § 1915.  ECF No. 5.  Based on that review, the Court directed plaintiff to file an amended complaint on a Court-provided form and in compliance with the Court's instructions.  For the reasons discussed below, the Court will dismiss plaintiff's claims against defendants Bob Holder, Wally Pointer, and Nicole Unknown pursuant to 28 U.S.C. § 1915 for failing to state a claim upon which relief may be granted.

**The Complaint**

Plaintiff filed his original complaint on October 8, 2019 pursuant to 42 U.S.C. § 1983 for an incident that occurred while he was a pretrial detainee at the Dunklin County Justice Center ("DCJC").  (ECF No. 1).  Plaintiff named three DCJC employees as defendants: Bob Holder (Sheriff), Wally Pointer (Deputy Sheriff), and Nicole Unknown.  Plaintiff brought his claims against all defendants in their individual capacities only.

Plaintiff alleged that on or around September 11, 2019 he was in "lockdown for 24-hour[s] in a 5 by 10 cell in H pod with 9 other detainee[s]" as a "form of punishment." Plaintiff stated he suffered from a seizure at 3:00 a.m., which was not responded to for 30 minutes because the cell was not equipped with an emergency call button. Plaintiff stated that a non-party corrections officer entered the cell but did not provide him with medical attention. Plaintiff alleged that defendants Holder, Pointer, and Nicole Unknown "knows to better train their officers and it's unconstitution[al] to put 10 people in a 5 by 10 cell and with their evil intents, know[ing] [he has] seizures." For relief, plaintiff sought $20,000 for pain and suffering.

On June 5, 2020, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 and determined that it failed to state a claim upon which relief could be granted because plaintiff did not allege that the defendants were directly involved in or personally responsible for specific violations of his constitutional rights. (ECF No. 5). The Court further noted that a *respondeat superior* theory was inapplicable in a § 1983 case. Because plaintiff was self-represented, the Court entered an order giving plaintiff the opportunity to file an amended complaint to cure the deficiencies. In that order, the Court provided plaintiff with clear instructions about how to prepare the amended complaint, which included the following:

> It is important that plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him. Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."

(*Id.* at 6-7) (citations omitted).

Plaintiff has now filed an amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915(e)(2).

2

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that a court must accept factual allegations in the complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complainants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional

facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).   In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Amended Complaint

On July 17, 2020, plaintiff filed an amended complaint against the same three defendants: Sheriff Holder, Deputy Sheriff Pointer, and Nurse Nicole Unknown. (ECF No. 7).  Plaintiff brings his claims against all defendants in their official and individual capacities.

Plaintiff's allegations are substantially similar to his original complaint and provides minimal additional facts.  Plaintiff states that on September 11, 2019 "a guy got beat up and his canteen taken."  As a result, certain areas of the jail were locked down and plaintiff was placed in a 5 x 10 two-man cell with nine other offenders for a 24-hour period "as a form of punishment." While plaintiff was subject to this placement, he states that he experienced "multiple seizures."  At around 3:00 a.m., plaintiff notified an unidentified non-defendant correctional officer of his medical condition.  Plaintiff states that this officer "left to call Nicole" and "came back 30 minutes later" to check his blood pressure and temperature.  Plaintiff was then placed back in the cell without the receipt of any additional medical attention.

Plaintiff alleges that "Bob Holder, Wally Pointer and Nicole [Unknown], knows to better train their officers, and it's unconstitutional to place 10 people" in a 5 x 10 two-man cell, especially when they know that he is prone to seizures.  Plaintiff further alleges that defendants should have transported him to a hospital.

4

Plaintiff describes his injuries as "strain on [his] body mentally and physically" for having seizures during the 24-hour lockdown." Plaintiff seeks $500,000 in monetary damages for putting his "life in danger."

<h3 style="text-align:center">Discussion</h3>

Having carefully reviewed and liberally construed plaintiff's allegations, and for the reasons discussed below, the Court must dismiss plaintiff's claims.

### A. Official Capacity Claims against Holder, Pointer, and Nicole Unknown

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *See Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Plaintiff alleges that Sheriff Holder, Deputy Sheriff Pointer, and Nurse Nicole are employed by the Dunklin County Sheriff's Department. As such, a suit against them in their official capacities is actually a suit against Dunklin County, Missouri. A local governing body such as Dunklin County can be sued directly under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on this type of claim, plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal

5

policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Thus, there are three ways in which a plaintiff can prove municipal liability.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to an "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Indep., Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible . . . for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

6

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; an

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

A plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017). Under a failure to train theory, a defendant may be liable for deficient policies for training and supervising if (1) he had notice of the inadequacies, (2) his failure to train in a relevant respect evidences a deliberate indifference to the rights of others, and (3) the alleged deficiency in training procedures caused plaintiff's injuries. *See City of Canton v. Harris*, 489 U.S. 378, 390 (1989); *Larson by Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996). A defendant may have notice that his training practices are inadequate by two means: (1) where the failure to train is so likely to result in a violation of constitutional rights that the need for training is patently

7

obvious, *Larkin v. St. Louis Hous. Auth. Dev. Corp.*, 355 F.3d 1114, 1117 (8th Cir. 2004), and (2) where a pattern of misconduct indicates that the defendant's responses to a regularly recurring situation are insufficient to protect constitutional rights, *City of Canton*, 489 U.S. at 390.

Here, plaintiff presents no facts to support the proposition that Dunklin County has an unconstitutional policy or custom that caused plaintiff's constitutional rights to be violated. He has not shown that a policy exists because none of his facts point to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *See Angarita*, 981 F.2d at 1546. Plaintiff has also not shown a "widespread, persistent pattern of unconstitutional misconduct" by Dunklin County employees, much less that such misconduct was tacitly authorized by officials of Dunklin County. *See Johnson*, 725 F.3d at 828. Plaintiff does not allege that the lockdown arrangement or the response to his medical condition were the result of an official municipal policy or that such actions occurred more than one time to rise to the level of a persistent pattern of misconduct. The Court cannot infer the existence of an unconstitutional policy or custom from a single occurrence. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991).

As to inadequate training, plaintiff only makes a conclusory allegation that "Bob Holder, Wally Pointer and Nicole [Unknown], knows to better train their officers[.]" The Court assumes plaintiff is alleging that the unidentified non-defendant officer who took his blood pressure and temperature was improperly trained by the defendants. This assertion is merely a legal conclusion, and not entitled to a presumption of truth. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) (stating that "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative

8

level"). *See also Faircloth v. Buccanan*, 2016 WL 4594145, at *2 (E.D. Mo. Sept. 2, 2016) (a conclusory allegation that prison officials did not properly train an unknown correctional officer fails to state a claim for relief). Plaintiff has not alleged in his complaint that Dunklin County officials had notice of specific constitutional violations or were aware that deficiencies or inadequacies in their training or supervision were likely to cause a specific injury to plaintiff. Even self-represented plaintiffs are required to allege facts in support of their claims, and the Court will not assume facts that are not alleged. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

Thus, plaintiff has failed to state a municipal liability claim against Dunklin County, and his claim against Holder, Pointer, and Nicole Unknown in their official capacities will be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

**B. Individual Capacity Claims against Holder, Pointer, and Nicole Unknown**

Although plaintiff states he did not receive medical treatment and was subjected to conditions he believes violate the law, he has again failed to allege that Holder, Wally, or Nicole Unknown were directly involved in or personally responsible for specific violations of his constitutional rights. As the Court explained in its review of plaintiff's original complaint, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See also Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally

9

involved in or directly responsible for incidents that injured plaintiff). In order to state an actionable civil rights claim against each defendant, plaintiff must set forth specific factual allegations showing what that particular defendant actually did, or failed to do, that violated the plaintiff's federally-protected rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (a plaintiff must plead facts showing each named defendant's personal involvement in the alleged constitutional wrongdoing).

Here, plaintiff alleges that a non-defendant correctional officer was made aware that plaintiff was suffering from seizures during a 24-hour lock down. Plaintiff states this officer "left to call Nicole" and later returned to take his temperature and blood pressure but provided no additional medical treatment. Plaintiff does not allege, however, that the named defendants placed him in the crowded cell, directed that he not be provided with medical attention, or were present for or aware of the lockdown conditions.

To any extent plaintiff is alleging that the defendants are liable solely because they held administrative or supervisory positions, such claims are also subject to dismissal. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (*respondeat superior* theory inapplicable in § 1983 cases). A supervisor is liable for the actions of his subordinates under § 1983 only if he personally participates in the alleged unconstitutional conduct, or when there is a causal connection between his actions and the alleged constitutional deprivation. *See Glick v. Sargent*, 696 F.2d 413, 415 (8th Cir. 1983) (warden must play a personal role in the disciplinary process; he cannot be held liable for the outcome of the process).

"A federal complaint must contain the 'who, what, when and where' of what happened, and each defendant must be linked to a particular action." *Drummer v. Corizon Corr. Health Care*,

10

2016 WL 3971399, at \*1 (E.D. Mo. July 25, 2016).  Merely listing a defendant in the caption is not sufficient to state a claim against that defendant.  *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of self-represented plaintiff's complaint against defendants who were merely listed as defendants in the complaint, but there were no allegations of constitutional harm against them).

The Court provided plaintiff with the opportunity to amend his complaint and offered clear instructions that he must submit a complaint containing "a short and plain statement of the facts that support his claim or claims against [each] defendant" and "allege facts explaining how each defendant was personally involved in or directly responsible for harming him." (ECF No. 5 at 6-7).  The Court further warned plaintiff that a "'Statement of Claim' requires more than 'labels and conclusions or a formulaic recitation of the elements of a cause of action.'"  As stated above, plaintiff has failed to plead specific facts establishing an actual link or connection between the named defendants and the alleged constitutional violations.

Thus, plaintiff's claims against Holder, Pointer, and Nicole Unknown, in their individual capacities, will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B).  A separate order of dismissal will be entered herewith.

11

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this **22d** day of July, 2020.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

12